IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **NAUTILUS INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.:<br>) |
| **COLUMBIA EXECUTIVE PROTECTION, LLC,**<br>Serve:<br>  James Murray<br>  308 Proctor Drive<br>  Columbia, MO 65202 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **JAMES MURRAY,**<br>Serve at:<br>  308 Proctor Drive<br>  Columbia, MO 65202 | )<br>)<br>)<br>)<br>) |
| **JASON PERRY,**<br>Serve at:<br>  3409 Shoemaker Drive<br>  Columbia, MO 65202 | )<br>)<br>)<br>)<br>) |
| **CHRISTOPHER LYNCH,**<br>Serve at:<br>  1849 Shiloh Court<br>  Fulton, MO 65251 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| **ROBERT JENNINGS**<br>Serve at:<br>  2900 Lawnridge Court, Apt. F<br>  Columbia, MO 65202 | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW plaintiff Nautilus Insurance Company ("Nautilus"), by and through counsel, and for its Complaint for Declaratory Judgment against Columbia Executive Protection,

1

LLC, James Murray, Jason Perry, Christopher Lynch, and Robert Jennings, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, states:

## PARTIES AND JURISDICTION/VENUE

1. Plaintiff Nautilus is and was at all times mentioned herein an insurance company incorporated under the laws of the State of Arizona with its principal place of business in the State of Arizona.

2. Upon information and belief, Defendant Columbia Executive Protection, LLC, ("Columbia") is a limited liability company existing under the laws of Missouri, and can be served at the address listed above.

3. Upon information and belief, Defendant Murray was at all relevant times herein a resident of Boone County, Missouri and a citizen of the State of Missouri and can be served at the address listed above.

4. Upon information and belief, Defendant Perry was at all relevant times herein a resident of Boone County, Missouri and a citizen of the State of Missouri and can be served at the address listed above.

5. Upon information and belief, Defendant Lynch was at all relevant times herein a resident of Callaway County, Missouri and a citizen of the State of Missouri and can be served at the address listed above.

6. Upon information and belief, Defendant Jennings was at all relevant times herein a resident of Boone County, Missouri and a citizen of the State of Missouri and can be served at the address listed above.

7. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as all Defendants are citizens of different states than Nautilus and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE UNDERLYING CLAIM

9. Defendant Jennings previously filed a personal injury suit against the above-referenced defendants in the Circuit Court of Boone County, Missouri styled *Jennings v. Yarco Company, Inc., et al.*, Case No. 12BA-CV01419 (the "Jennings Lawsuit").

10. On or about December 3, 2012, Jennings filed a First Amended Petition in the Jennings Lawsuit. (First Amended Petition attached here to as Exhibit A).

11. The First Amended Petition in the underlying Jennings Lawsuit alleges that on or about March 18, 2011, Jennings was chased, tased, struck, thrown to the ground, and held against his will by defendants Murray, Perry, and Lynch while on property located at or near 1715 W. Worley Street, Columbia, Missouri, 65202. *See* Exhibit "A" First Amended Petition.

12. The underlying First Amended Petition further alleges that Defendants Murray, Perry, and Lynch were employees of Defendant Columbia, acting in the scope and course of their employment at the time of the incident involving defendant Jennings. *See* Exhibit "A" First Amended Petition.

13. The underlying First Amended Petition further alleges that defendants Murray, Perry, and Lynch are each liable for assault and battery, negligence, and false imprisonment in connection with the above-alleged incident involving defendant Jennings. *See* Exhibit "A" First Amended Petition.

14. The underlying First Amended Petition further alleges that Defendant Columbia is vicariously liable for the actions of defendants Murray, Perry, and Lynch, and that Columbia was negligent in hiring and retaining defendants Murray, Perry, and Lynch, in part due to their dangerous proclivities. *See* Exhibit "A" First Amended Petition.

15. The underlying First Amended Petition further alleges that other non-parties were negligent in their failure to guard against the intentional acts of defendants Murray, Perry, and Lynch.

16. As a result of the torts alleged in the underlying Jennings Lawsuit, Jennings seeks recovery, among other things, for medical expenses, pain and suffering, mental anguish, loss of livelihood, physical impairment, and permanent physical disability from other defendants. *See* Exhibit "A" First Amended Petition.

17. The underlying First Amended Petition also alleges and requests punitive damages against the above-named defendants. *See* Exhibit "A" First Amended Petition.

## THE POLICY

18. Nautilus insured Columbia, as named insured, pursuant to Commercial General Liability Policy No. NN000217 for the policy period from June 17, 2010 through June 17, 2011 ("the Policy") that provided liability limits of $1,000,000 each occurrence and $2,000,000 in the aggregate subject to certain sub-limits, terms, conditions, and exclusions. A true and correct copy of the Policy with endorsements is attached as Exhibit "B."

19. Specifically, the Policy contains the following relevant insuring agreement for "bodily injury" and "property damage":

> **SECTION I – COVERAGES**
> **COVERAGE A  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement.**
>
>   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

4

\* \* \*

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\* \* \*

(Exhibit B, Policy, CGL Coverage Form, Section I, Coverage A).

20.    The Policy provides the following exclusion under "Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability," which states in relevant part that "[t]his insurance does not apply to:"

    **a. Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

(Exhibit B, CGL Coverage Form, Section I, Coverage A, ¶ 2.a).

21.    Under "Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability," the Policy excludes coverage for:

    **o. Personal And Advertising Injury**

    "Bodily injury" arising out of "personal and advertising injury"

(Exhibit B, CGL Coverage Form, Section I, Coverage A, ¶ 2.o).

22.    The Policy also provides the relevant insuring agreement for "personal and advertising injury":

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

    **1.    Insuring Agreement**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will

5

> have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. . . .
>
> * * *
>
> **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(Exhibit B, Policy, CGL Coverage Form, Section I, Coverage B).

23. The Policy provides the following exclusion under "Section I – Coverages, Coverage B Personal and Advertising Injury Liability" which states in relevant part that "[t]his insurance does not apply to:

> **a. Knowing Violation Of Rights Of Another**
>
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

(Exhibit B, CGL Coverage Form, Section I, Coverage B, ¶ 2.a).

24. Under "Section I – Coverages, Coverage B Personal and Advertising Injury Liability" the policy excludes coverage for:

> **d. Criminal Acts**
>
> "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

(Exhibit B, CGL Coverage Form, Section I, Coverage B, ¶ 2.d).

25. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions". (Exhibit B, CGL Coverage Form, Section V, ¶ 13).

6

Case 2:14-cv-04042-NKL   Document 1   Filed 02/28/14   Page 6 of 11

26. The Policy defines "personal and advertising injury" in pertinent part as injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   * * *

(Exhibit B, CGL Coverage Form, Section V, ¶ 14).

27. In addition, the Policy includes an endorsement for "EXCLUSION – ALL ASSAULT OR BATTERY," which reads in relevant part:

   A. The following exclusion is **added** to **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal And Advertising Injury Liability**, and **Coverage C – Medical Payments:**

   Regardless of culpability or intent of any person, this insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any:

   1. Actual or alleged assault or battery;

   2. Physical altercation; or

   3. Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.

   This exclusion applies regardless of whether such actual or alleged damages are caused by any:

   1. Insured;

   2. "Employee";

   3. Patron; or

   4. Any other person; and

7

Whether or not such damages occurred at any premises owned or occupied by any insured.

This exclusion applies to:

1. All causes of action arising out of any assault and battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery, or physical altercation.

2. Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault and battery, or a physical altercation; and specifically excludes from coverage claims or "suits" for:

   a. Emotional distress for loss of society, services, consortium or income; or

   b. Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or

3. Any obligation to share damages with or repay someone who must pay damages because of the injury.

B. We will have no duty to defend or indemnify any insured in any action or proceeding alleged damages arising out of any assault or battery, or physical altercation.

(Exhibit B, Endorsement Form L210 (02/08)).

28. In addition, the Policy contains an endorsement for "EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES," which provides in pertinent part:

The following exclusion is **added** to **2. Exclusions** of **Section I:**

This insurance does not apply to punitive or exemplary damages.

(Exhibit B, Endorsement Form L217 (06/07)).

29. The Policy contains an endorsement for "EXCLUSION – DESIGNATED PROFESIONAL SERVICES," which provides in pertinent part:

1. SECURITY AND PATROL AGENCIES – UNARMED

\* \* \*

> With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**
>
> This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" due to the rending of or failure to render any professional service.

(Exhibit B, Endorsement Form CL940 (07/98)).

30. Defendants Columbia, Murray, Perry, and Lynch claim coverage for the claims made against them in the Jennings Lawsuit.

31. Plaintiff asserts that there is no coverage for defendants Columbia, Murray, Perry, and/or Lynch under the Policy for the allegations and claims asserted against them by defendant Jennings in the Jennings Lawsuit pursuant to the aforementioned policy provisions, exclusions, endorsements, terms, and definitions.

32. Because there is no coverage for defendants Columbia, Murray, Perry, or Lynch under the Policy, pursuant to the foregoing provisions, exclusions, endorsements, terms, and definitions, Nautilus is not obligated to defend or indemnify said defendants in the underlying Jennings Lawsuit, or any related lawsuits that might arise from the above-referenced incident of March 18, 2011.

33. A controversy exists between plaintiff Nautilus and the defendants concerning their respective rights and obligations under the Policy issued to Columbia as set forth above.

34. These issues present a real and justiciable controversy and are ripe for judicial resolution.

35. Without such resolution, the parties' respective rights and obligations with respect to the subject Policy will remain uncertain.

36. Plaintiff lacks an adequate remedy at law because in the absence of declaratory relief, Nautilus may be compelled to fund the defense of defendants in the underlying Jennings

9

Lawsuit, and potentially be required to indemnify them against any judgment entered therein, despite the absence of coverage under the Policy.

37. Plaintiff further states that it is presently undetermined whether defendant Jennings' claims in the underlying Jennings Lawsuit lack coverage under the subject Policy as a result of additional Policy provisions, terms, definitions, endorsements, and conditions, and that Nautilus reserves its right to assert additional grounds as a basis for lack of coverage in the event such additional grounds come to light.

38. Nautilus brings this declaratory judgment action, pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57, stating that there is an actual and justiciable controversy between Nautilus and defendants, and asking this Court to declare the rights and legal obligations of these parties under the foregoing insurance Policy with respect to the Jennings Lawsuit.

WHEREFORE, Nautilus Insurance Company asks this Court to declare the rights and obligations of the parties under the Policy of insurance described above and to enter its Order and Judgment finding, adjudging and declaring the following:

a. The Policy provides no coverage to defendants Columbia Executive Protection, LLC, James Murray, Jason Perry, Christopher Lynch, or any other entity or person for the claims asserted against them in the underlying Jennings Lawsuit;

b. Nautilus Insurance Company has no duty to indemnify defendants Columbia Executive Protection, LLC, James Murray, Jason Perry, Christopher Lynch, or any other entity or person for any damages awarded or settlements arising from or related to the underlying Jennings Lawsuit;

c. Nautilus Insurance Company has no duty or obligation to defend defendants Columbia Executive Protection, LLC, James Murray, Jason Perry, Christopher Lynch, or any other entity or person in the underlying Jennings Lawsuit;

d. Nautilus Insurance Company shall have no duty or obligation to pay on behalf of defendants Columbia Executive Protection, LLC, James Murray, Jason Perry, Christopher Lynch, or any other entity or person any sum which they may become obligated to pay by way of settlement or judgment in connection with the underlying Jennings Lawsuit.

e. That all defendants in this action be bound by any judgment rendered herein declaring that there is no duty to defend or indemnify defendants Columbia Executive Protection, LLC, James Murray, Jason Perry, Christopher Lynch, or any other entity or person with regard to the Jennings Lawsuit;

f. Awarding plaintiff its attorney fees, costs, and expenses incurred herein; and

g. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

RASMUSSEN, WILLIS, DICKEY & MOORE, L.L.C.

*/s/ John L. Kellogg*
Randolph G. Willis         #47834
John L. Kellogg            #46533
9200 Ward Parkway, Suite 400
Kansas City, Missouri 64114
Telephone: (816) 960-1611
Facsimile: (816) 360-1669

**Attorneys for Plaintiff Nautilus Insurance Company**